**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

BRANDI CURBO PLAINTIFF

v. 3:21-cv-00208-KGB-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration, DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Kristine G. Baker. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Brandi Curbo, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

On June 28, 2019, Brandi Curbo applied for disability benefits, alleging disability beginning on May 15, 2017. (Tr. 69, 124.) She is 43 years old, (Tr. 68), and has past relevant work as an accounts receivable clerk and receptionist. (Tr. 19.)

The ALJ[1] found Ms. Curbo had not engaged in substantial gainful activity since May 15, 2017 - the alleged onset date. (Tr. 12.) She has "severe" impairments in the form of lumbar degenerative disc disease, chronic obstructive pulmonary disease, and obesity. (Tr. 13.) The ALJ further found Ms. Curbo did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 14-15.)

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The ALJ determined Ms. Curbo had the residual functional capacity to perform a reduced range of light work given her mental and physical impairments. (Tr. 15.) Based on the residual functional capacity assessment, the ALJ determined Ms. Curbo could perform her past relevant work as a receptionist. (Tr. 19.) Alternatively, the ALJ moved to Step Five, utilized the services of a vocational expert, and determined jobs existed in significant numbers that Plaintiff could perform despite her impairments. Based in part on the testimony of the vocational expert, (Tr. 44-62), the ALJ determined she could also perform the jobs of small products assembler, ampoule filler, and electrical products assembler. (Tr. 20.) Accordingly, the ALJ determined Ms. Curbo was not disabled. (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making her decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ incorrectly discounted the opinions of her chiropractor, Morgan Sensabaugh, D.C., and advanced practice nurse, Eric Haertling, A.P.R.N. (Doc. No. 9 at 15-22.) Eric Haertling provided a form entitled Physical Assessment, (Tr. 644-645), and, if fully credited, his opinion would likely mean that Plaintiff is disabled. The ALJ, however, did not find his opinion persuasive. The ALJ stated:

> Eric [Haertling], APN, a treating source at Sherwood Urgent Care, opined in September 2020 that the claimant could lift and carry up to 20 pounds occasionally and 10 pounds frequently, sit for two hours, and walk for only one hour in an 8-hour day (Ex. 12F). He further opined the claimant could only perform manipulative maneuvers up to 60 percent of the day and would be absent from work three to four times a month. The undersigned finds this opinion is not persuasive because it inconsistent with treatment records from Sherwood Urgent Care. Progress notes from this facility in October 2020 noted the claimant denied any back or joint pain (Ex. 14F/2). Examination of the neck was also normal (Ex. 14F/3). His opinions are also inconsistent with the claimant's limited treatment for her back pain during the period at issue. A MRI scan of her lumbar spine in July

> 2016 showed only mild degenerative disc disease and sacral Tarlov cyst (Ex. 1F/2, 4). Dr. Moran reported the cyst was an incidental finding (Ex. 1F/2). A MRI scan of the claimant's cervical spine showed multilevel degenerative change with moderate to severe foraminal narrowing, but there was no high-grade central canal stenosis (Ex. 1F/5). There is no evidence of any surgical intervention nor any opinion that such treatment was necessary. There is also no evidence of any EMG/nerve conduction studies to support the severity of her alleged upper extremity numbness. The claimant testified at the hearing that she was taking only over-the-counter medications for her pain.

(Tr. 18.)

Plaintiff argues the ALJ failed to analyze the medical opinions as required by the regulations and law. She says, "The ALJ must adequately analyze the persuasiveness of all medical opinions and must articulate how [she] considered the opinion evidence." (Doc. No. 9 at 15.) But this is exactly what the ALJ has done here.[1] The ALJ correctly determined that Eric Haertling's opinions were simply not consistent with the other objective medical evidence.

Claims filed after March 27, 2017, like Ms. Curbo's, are analyzed under 20 C.F.R. § 404.1520c. *Pemberton v. Saul*, 953 F.3d 514, 517 n.2 (8th Cir. 2020). Under the current regulatory scheme, the Commissioner "will not defer or give any specific weight, including controlling weight, to any medical opinion(s)," including those from the claimant's treating

[1] 20 C.F.R. § 404.1527(c)(2), the regulation prior to the 2017 amendment, merited the treating physician controlling weight where it "is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record." 20 C.F.R. § 404.1527(c)(2); *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). Even so, under the former regulation, the United States Court of Appeals for the Eighth Circuit has reiterated:

> [The] ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). "Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

physicians. 20 C.F.R. § 404.1520c(a). The regulation instructs the ALJ to determine the persuasiveness of each medical source or prior administrative medical findings based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor that tends to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(a), (c). The ALJ is required to "explain" her decision as to the two most important factors—supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented" and the "more consistent a medical opinion(s) or prior administrative medical finding(s) is with evidence from other medical and non-medical sources, the more persuasive the opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1)-(2).

After a close review of the medical evidence, I find that ALJ properly evaluated the opinion of Plaintiff's advance practice nurse. While not necessarily using these words, the ALJ addressed both supportability and consistency factors. Further, the nurse's form consisted of conclusory statements rather than findings tied to clinical or diagnostic data, as it did not reference his own treatment notes or other medical evaluations. *See Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (describing opinions as "little evidentiary value" that consist of "nothing more than vague, conclusory statements—checked boxes, circled answers, and brief fill-in-the-blank responses"). Thus, the form did not cite any medical evidence nor provide any elaboration on how A.P.R.N. Haertling reached his conclusions. *See id.*

The ALJ also explained how this opinion was inconsistent with other medical evidence in the treatment record. Importantly, the ALJ considered A.P.R.N. Haertling's opinion as it compared to findings from Plaintiff's MRI. While Plaintiff argues that the MRI supports her allegation of a disabling back disorder, (Doc. No. 9 at 20-21), this is simply not supported by the

evidence. Neurosurgeon Michael Moran, M.D., examined Plaintiff and stated, "She has an unremarkable lumbar exam and she is neurologically intact. Patient had MRI of the lumbar spine which shows minimal degenerative disc disease but is otherwise normal other than sacral tarlov cyst which is incidental finding." (Tr. 530.) Dr. Moran noted "There are no surgical issues. I think the tarlov cyst is an incidental finding and we discussed at length and I don't think anything needs to be done for that." (*Id.*) Accordingly, the ALJ rightly discounted A.P.R.N. Haertling's opinion considering the competing opinion from Dr. Moran which was supported by the findings from Plaintiff's MRI of her lumbar spine. (Tr. 532-533.)

For the same reasons, I find the ALJ could appropriately discount the opinions of her chiropractor, Morgan Sensabaugh, D.C. With regard to this evidence, the ALJ stated:

> Mr. Sensabaugh also opined the claimant could only perform manipulative maneuvers 50 to 60 percent of the day and would be absent from work one to two times a month. The undersigned finds this opinion is not persuasive. Mr. Sensabaugh is not an acceptable medical source. His opinions are inconsistent with the claimant's limited treatment for her back pain during the period at issue.

(Tr. 18.)

Again, based on the MRI and Dr. Moran's examination notes, I find the ALJ's decision to be based on substantial evidence. So, in accordance with 20 C.F.R. § 404.1520c, the ALJ fully considered all of the medical opinions and prior administrative medical findings and evaluated and explained their persuasiveness under the pertinent factors. (Tr. 15-19). The ALJ found opinions persuasive by State agency reviewers, consultative examiners, and treating physicians when their opinions were well supported and consistent with the treatment records and unpersuasive when they were not. Accordingly, I find the ALJ's decision is supported by substantial evidence.

Plaintiff's counsel has vigorously advocated for Ms. Curbo's rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*. Disability is

the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

As the ALJ recited in her opinion:

> In sum, the claimant's allegations of disabling functional limitations are inconsistent with the medical evidence and do not persuasively establish greater limitations. Accordingly, based upon the substantial weight of the objective evidence, the claimant's course of treatment, her level of daily activity, and the medical opinions, the undersigned finds that the claimant is able to perform work activities consistent with the residual functional capacity stated above.

(Tr. 19.)

The overall evidence indicates that - while the claimant's condition restricts her ability to do work beyond the light exertional level - her condition does not preclude all work activity. There is no reversible error here.

I have also considered Plaintiff's remaining arguments - including the ALJ failed to apply the correct standard of proof and the Social Security Administration's regulations and policies are unconstitutional - and find them to be wholly without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 22nd of April 2022.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE