IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**BRANDI CURBO**                                                                                         **PLAINTIFF**

v.                                    Case No. 3:21-cv-00208-KGB

**COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION**                                               **DEFENDANT**

## ORDER

Before the Court are the Proposed Findings and Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 11). Plaintiff Brandi Curbo filed objections to the Recommendation (Dkt. No. 12). After careful consideration of the Recommendation and Ms. Curbo's objections, as well as a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings in all respects (Dkt. No. 11).

The Court writes separately to address some of Ms. Curbo's objections (Dkt. No. 12). In her objections, Ms. Curbo restates many of the same arguments made on appeal regarding the Social Security disability review process. Ms. Curbo argues that the Social Security "system seems to be designed to discourage people from pursuing claims" and "acts like an insurance company that wants to pay as few claims as possible" (*Id.*, at 9). The Court acknowledges Ms. Curbo's grievances with the disability determination process. The Court also acknowledges that, under binding circuit precedent, the Court's function on review is "narrow." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). As Judge Volpe correctly noted, the "[C]ourt's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error" (Dkt. No. 11, at 1 (citing

*Slusser v. Astrue,* 557 F.3d 923, 925 (8th Cir. 2009)*; Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997)).

Ms. Curbo asserts, among her other objections, that Judge Volpe and the Administrative Law Judge ("ALJ") determined she was not disabled by incorrectly relying on a statement from Neurosurgeon Michael Moran, M.D., regarding the results of Ms. Curbo's Lumbar MRI, while "completely" ignoring the findings of a Cervical MRI, which showed "multilevel degenerative endplate changes and disc space narrowing with desiccation" (Dkt. No. 12, at 1). Ms. Curbo also takes issue with what she considers to be the ALJ and Recommendation's failure to give the testimony of her treating physicians the weight to which she believes it is entitled (*Id.*, at 7). Ms. Curbo's objections do not detract from the fact that "there is ample evidence on the record as a whole that 'a reasonable mind might accept as adequate to support [the] conclusion' of the ALJ in this case." (Dkt. No. 11, at 8 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). A review of the record shows that the ALJ considered the Cervical MRI when making a determination in this case (Dkt. No. 7, at 21 (noting that "[a] MRI scan of the claimant's cervical spine showed multilevel degenerative change with moderate to severe foraminal narrowing but indicated there was no high-grade central canal stenosis . . . . The claimant was advised to continue with conservative care. There were no recommendations for surgery. The claimant was able to return to work and she did not stop working until May 2017.")). Furthermore, the Court finds no indication that the ALJ failed to give the opinions of Ms. Curbo's treating physicians the weight to which they were statutorily entitled (*See, e.g., id.*, at 22–23 (mentioning the Cervical MRI and explaining why the ALJ found certainopinions unconvincing)). The Court concurs with Judge Volpe's determination that Ms. Curbo's "counsel has vigorously advocated for Ms. Curbo's rights

2

in this case. However, the objective medical records simply fail to support a claim of *complete disability*" (*Id.*, at 6).

For the foregoing reasons, the Court adopts the Recommendation as its findings in all respects (Dkt. No. 11). The Court affirms the Commissioner's decision, denies Ms. Curbo's request for relief, and dismisses with prejudice this case.

It is so ordered this 6th day of February, 2023.

                                                                                      Kristine G. Baker
                                                                                      United States District Judge